# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

JAMES A. SMITH, JR.,

        Plaintiff,

        v.                                               Case No. 06-C-307

RICHARD SCHNEITER,

        Defendant.

**ORDER DENYING PLAINTIFF'S MOTION FOR LEAVE TO PROCEED IN FORMA PAUPERIS (DOC. #2) AND DIRECTING THE PLAINTIFF TO PAY THE $249.10 BALANCE OF THE FILING FEE ON OR BEFORE SEPTEMBER 18, 2006, OR THIS CASE WILL BE DISMISSED ON SEPTEMBER 19, 2006**

        The plaintiff, James A. Smith, Jr., a state prisoner who is proceeding *pro se*, lodged the civil rights complaint initiating this proceeding under 42 U.S.C. § 1983. On March 23, 2006, he filed an amended complaint. This matter comes before the court on the plaintiff's petition to proceed *in forma pauperis*.

        Under the Prison Litigation Reform Act of 1996 (PLRA), a prisoner may not bring a civil action or appeal a civil judgment *in forma pauperis*,

> if the prisoner has, on 3 or more occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). When determining whether a prisoner has acquired three "strikes" under § 1915(g), courts must consider prisoner actions dismissed on any of the three enumerated grounds before and after enactment of the PLRA. *Evans v. Ill. Dep't of Corrs.*, 150 F.3d 810, 811 (7th Cir. 1998).

The plaintiff has accumulated strikes as follows: 1) *Smith v. Frank*, Case No. 03-C-414 (E.D. Wis.), dismissed for failure to state claim on February 12, 2004; 2) *Smith v. Frank*, Case No. 04-C-489 (E.D. Wis.), dismissed as frivolous on October 4, 2004; and 3) *Smith v. Frank*, Case No. 05-C-476 (E.D. Wis.), dismissed as frivolous on June 17, 2005. In addition, on March 28, 2006, in *Smith v. McCann*, Case No. 06-C-65 (E.D. Wis.), the court denied the plaintiff's motion for leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915(g) and warned that if the plaintiff filed another complaint and petition for leave to proceed *in forma pauperis*, he was subject to an order under *Support Sys. Int'l v. Mack*, 45 F.3d 185 (7th Cir. 1995). An order under *Mack* requires the clerk of the court to return civil complaints and related pleadings unfiled, without even presenting them to judges, until the plaintiff's debt to the judicial system has been paid. *Id.* at 186. However, the plaintiff filed the complaint in this case before issuance of the above-referenced warning in Case No. 06-C-65.

In his present amended complaint, the plaintiff contends that he is under imminent danger of serious physical injury. (Am. Compl. at 2.) If he does in fact fall under that exception to the three-strikes rule, the plaintiff will be allowed to proceed *in forma pauperis* despite already having three strikes. *See* 28 U.S.C. § 1915(g).

To meet the imminent danger requirement of 28 U.S.C. § 1915(g), a plaintiff must allege a physical injury that is imminent or occurring at the time the complaint is filed, and the threat or prison condition causing the physical injury must be real and proximate. *Ciarpaglini v. Saini*, 352 F.3d 328, 330 (7th Cir. 2003) (citing *Lewis v. Sullivan*, 279 F.3d 526, 529 (7th Cir. 2002) and *Heimermann v. Litscher*, 337 F.3d 781 (7th Cir. 2003)). Courts deny leave to proceed *in forma pauperis* under § 1915(g) when a prisoner asserts only a past injury that has not recurred. *See Ciarpaglini*, 352 F.3d at 330 (citations omitted). In addition, courts deny leave to proceed *in forma pauperis* when a prisoner's claims of imminent danger are

"conclusory or ridiculous." *Id.* (citing *Heimermann*, 337 F.3d at 782 (contesting one's conviction and complaining of inadequate protection two years previously is not imminent danger); *Martin v. Shelton*, 319 F.3d 1048, 1050 (8th Cir. 2003) (working in inclement weather twice is not imminent danger); *White v. Colorado*, 157 F.3d 1226, 1231 (10th Cir. 1998) ("vague and conclusory" assertions of withheld medical treatment when prisoner was seen over 100 times by physician is not imminent danger)). However, § 1915(g) is not used to determine the merits of a claim because "[t]his would result in a complicated set of rules about what conditions are serious enough, all for a simple statutory provision governing when a prisoner must pay the filing fee for his claim." *Ciarpaglini*, 352 F.3d at 331.

Plaintiff is incarcerated at the Wisconsin Secure Program Facility (WSPF) and defendant Richard Schneiter is the warden. The complaint alleges that the plaintiff is in imminent danger of serious physical injury and that Warden Schneiter has violated his Fourteenth Amendment rights to due process of law and equal protection of the laws. According to Smith, "[t]he issue before this court is whether the requirement to submit a trust account statement pursuant to 28 U.S.C. § 1915(b)(1) and Wis. Stat. § 814.29(1m)(b)2 amounts to a deprivation of plaintiff's liberty within the meaning of due process clause?" (Am. Compl. at 3.)

Plaintiff contends that he was denied a trust fund account to file a criminal complaint in Dane County Circuit Court, that he sustained injury by Warden Schneiter and that he continues to sustain injury and other damages. He then goes on to describe in detail incidents that have occurred since his arrival at WSPF in 2002, as well as inmate grievances and civil cases he filed with respect to these incidents. Also, plaintiff states that he wants access to a wheelchair or hospital because of his inability to walk. The court notes that this issue has been before the courts in this district in at least two other cases (Case Nos. 03-C-

208 and 05-C-426). These allegations do not qualify as imminent danger of serious physical injury under § 1915(g).

Because the plaintiff has filed three actions which were dismissed as frivolous or for failure to state a claim, to proceed any further, he must pay the balance of his filing fee.

Now, therefore,

**IT IS ORDERED** that the plaintiff's motion for leave to proceed *in forma pauperis* (Doc. #2) is **DENIED** pursuant to 28 U.S.C. § 1915(g).

**IT IS FURTHER ORDERED** that this action will be **dismissed on September 19, 2006**, unless the plaintiff submits the $249.10 balance of his filing fee in this action to the clerk of this court on or before **September 18, 2006**.

**IT IS FURTHER ORDERED** that copies of this order be sent to the warden of the institution where the plaintiff is confined, and to Corey F. Finkelmeyer, Assistant Attorney General, Wisconsin Department of Justice, P.O. Box 7857, Madison, Wisconsin 53707-7857.

Dated at Milwaukee, Wisconsin, this 6th day of September, 2006.

BY THE COURT:

s/C. N. Clevert, Jr.
C. N. CLEVERT, JR.
U. S. District Judge